IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16CV385

BERNARD SCHULZ,

    Plaintiff,

vs.                      ORDER

BROOKLYN WATER BAGEL,

    Defendant.

This matter is before the Court upon Defendant's Motion to Dismiss. This case was originally filed by the *pro se* Plaintiff in state court and timely removed by the Defendant to this Court. The Complaint herein is virtually identical to a complaint previously filed by Plaintiff against Defendant in a prior proceeding. *See* Case No. 3:15-cv-00409-RJC-DSC. In the previous case, the Defendant filed a motion to dismiss Plaintiff's complaint on the basis that he had failed to assert a claim upon which relief could be granted. Case No. 3:15-cv-409, Doc. 9. When Plaintiff failed to respond to Defendant's Motion, the Court issued an Order directing Plaintiff to show cause why his complaint should not be dismissed for failure to prosecute and advising him that failure to timely respond could result in the dismissal of his case with prejudice. *Id*. at Doc. 13. Thereafter, Plaintiff ignored the Court's Order and failed to respond in any way to Defendant's Motion. As a result, on November 5, 2015, United States Magistrate Judge David C. Cayer recommended that Defendant's motion be granted and Plaintiff's complaint be dismissed. District Judge Robert J. Conrad adopted the Magistrate Judge's recommendation, granted Defendant's Motion and dismissed Plaintiff's complaint in the Initial Action on February 3, 2016. *Id*. at Doc. 15.

Defendant has moved to dismiss this case on the grounds that Plaintiff's claims are barred by the doctrine of *res judicata,* as well as for other reasons. [1] "Under the doctrine of *res judicata*, or 'claim preclusion,' a final judgment on the merits in one action precludes a second suit based on the same cause of action between the same parties or their privies." *Foreman v. U.S. Bank Nat'l Assoc.*, 2008 WL 4287948, No. 1:08CV287, at *2 (M.D.N.C. Sept. 16, 2008). As the court stated succinctly in *Foreman*, "[t]he [*res judicata*] doctrine prevents the relitigation of all matters that were or should have been adjudicated in the prior action." *Id*. Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, "[u]nless the dismissal order states otherwise, a dismissal [for failure to prosecute or to comply with a court order] . . ., operates as an adjudication on the merits." As a result, such a dismissal has *res judicata* implications and bars any further claims by the plaintiff based on the same causes of action. *See Andrews v. Daw*, 201 F.3d 521, 524, 525 n.2 (4th Cir. 2000) (holding that a dismissal pursuant to Fed. R. Civ. P. 41(b) is a final judgment on the merits for purposes of *res judicata*); s*ee also*, *Mays v. Raynor & Assocs.*, No. 5:15–CV–177–FL, 2015 WL 6759951, at *3 (W.D.N.C. Oct. 12, 2015) (holding that the plaintiff's subsequent complaint was barred by the doctrine of *res judicata* where the plaintiff's initial complaint, involving the same facts and claims as the subsequent complaint, was dismissed for failure to prosecute).

Here, Plaintiff's initial complaint attempted to assert causes of action for "Causation to destitution, Illegal termination, Retaliation, Discrimination Harassment, Organized crime, [and] Bullying" based on events which purportedly occurred during his brief employment with Brooklyn Water Enterprises. The Court dismissed the complaint following Plaintiff's failure to

---

[1] Defendant also argues that sexual orientation is not recognized under applicable federal and state law as a class protected from employment discrimination, and that Plaintiff failed to comply with North Carolina's mandatory statutory pre-requisite for filing a workers' compensation retaliation claim. The Court sees no reason to address these arguments as *res judicata* clearly bars the Complaint.

(1) respond to Brooklyn Water Enterprises' Motion to Dismiss and (2) the Court's Show Cause Order. Accordingly, the Court's dismissal operated as an adjudication on the merits pursuant to Rule 41(b). As the instant Complaint attempts to relitigate identical claims as stated in the initial complaint, this Complaint is barred by the doctrine of *res judicata* and will be dismissed with prejudice.

IT IS THEREFORE ORDERED that the Defendant's Motion to Dismiss is hereby GRANTED and this case is hereby DISMISSED WITH PREJUDICE.

Signed: June 27, 2016

Graham C. Mullen
United States District Judge